**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jorge Morales Velasquez : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| U.S. 1 Farm Market, Inc., : | |
| Sangwook Chen : | |
| : | |
| Defendants : | |
| : | |
| : | May 1, 2013 |

**COMPLAINT**

1. Plaintiff Jorge Morales Velasquez worked for Defendants in their food market, butchering and packing meat products, filling orders for clients, cleaning, and performing other tasks as assigned by Defendants. Despite his working almost seventy hours per week between May of 2011 and April of 2013, Defendants never paid Plaintiff more than $440 per week, and often less. When Plaintiff finally became aware of his right to minimum and overtime wages under the Fair Labor Standards Act and Connecticut Wage Payment Laws, he asked Defendants for a raise. Defendants presented Plaintiff with a Hobson's choice: continue working for an unlawful wage or stop working at all. Plaintiff now turns to the law for relief. In this action, Plaintiff seeks an order that Defendants pay him (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorneys' fees and costs, pursuant to federal and state minimum wage and overtime law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. Venue is appropriate pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## THE PARTIES

4. Plaintiff is a resident of Connecticut. At all times relevant to the Complaint, Plaintiff was an employee of Defendants as that term is defined by the Fair Labor Standards Act, 29 U.S.C. §203(e)(1) and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to the Complaint, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant U.S. Farm Market, Inc. ("Farm Market") is incorporated in the state of Connecticut with a business address at 690 Ella Grasso Boulevard, New Haven, Connecticut. At all times relevant to the Complaint, Defendant Farm Market was an employer as that term is defined by the Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

7. Defendant Sangwook Chen, a/k/a Sang Wook Chen, ("Chen") was at all times relevant to the Complaint the President of Defendant Farm Market and resided at 399 Clark Lane, Orange, Connecticut. At all times relevant to the Complaint, Defendant Chen made all relevant decisions regarding payment of wages, scheduling, and work duties of the Plaintiff, and was therefore an employer as defined by the Fair Labor Standards Act, 29 U.S.C. §203(d) and Connecticut General Statutes §31-58(e) and 31-71a(1).

## FACTS

8. Defendants hired Plaintiff in May of 2011.

9. From May of 2011 until April 18, 2013, Plaintiff worked as a butcher for Defendants at their place of business.

10. From May of 2011 until April 18, 2013, Plaintiff worked 67 hours per week. He was scheduled for 70 hours of work over six days every week, but took a half-hour unpaid lunch every day, resulting in 67 hours of compensable time per week.

11. From on or about May 1, 2011 until July 31, 2011, Defendants paid Plaintiff $400 per week. Defendants owe Plaintiff $3,433.63 in unpaid regular and overtime wages for this 13-week period.

12. From on or about August 1, 2011 until October 31, 2011, Defendants paid Plaintiff $420 per week. Defendants owe Plaintiff $3,173.63 in unpaid regular and overtime wages for this 13-week period.

13. From on or about November 1, 2011 until April 18, 2013, Defendants paid Plaintiff $440 per week. Defendants owe Plaintiff $17,033.50 in unpaid regular and overtime wages for this 76-week period.

14. In April of 2013, Plaintiff became aware of his rights to be paid the minimum wage and overtime compensation. Plaintiff confronted Defendant Chen about his low pay and asked for a raise. Defendant Chen told Plaintiff that he could take what Defendants paid or work somewhere else.

13. April 18, 2013 was the last day Plaintiff worked for Defendants.

## COUNT ONE - FAIR LABOR STANDARDS ACT
(Minimum Wage and Overtime)

12. By the conduct described above, Defendants violated the Plaintiff's rights to be paid minimum and overtime wages consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

13. The Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

14. As a result of the Defendants' conduct as described above, the Plaintiff suffered a loss of regular and overtime wages.

## COUNT TWO - CONNECTICUT GENERAL STATUTES § 31-72
(Minimum Wage, Overtime, and All Wages Due)

15. By the conduct described above, the Defendants violated the Plaintiff's right to be compensated for his hours of work consistent with the provisions of the Connecticut wage and hour laws, including but not limited to Connecticut General Statutes §31-60, et seq.

16. The Defendants' failure to compensate the Plaintiff for hours worked consistent with Connecticut law was in bad faith and/or was unreasonable or arbitrary.

17. As a result of the Defendants' conduct as described above, the Plaintiff suffered a loss of regular and overtime wages.

WHEREFORE the Plaintiff prays that the Court grant the following relief:

1. Award Plaintiff $23,640.76, which constitutes the total amount Defendants owe in unpaid wages;

2. Award the Plaintiff an additional $23,640.76, plus reasonable attorneys fees and costs, pursuant to C.G.S. § 31-72;

3. Award the Plaintiff liquidated damages in the amount of $23,640.76, plus reasonable attorneys fees and costs, pursuant to 29 U.S.C. §216(b);

4. Award the Plaintiff prejudgment and post-judgment interest; and

5. Award to Plaintiff such other legal or equitable relief as the Court deems just.

                THE PLAINTIFF

By:  _____/s/_____
      James Bhandary-Alexander, ct28135
      New Haven Legal Assistance
      426 State Street
      New Haven, CT 06510
      (203) 946-4811 (x 136)
      jbhandary-alexander@nhlegal.org